UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:25-mj-00005-1 |
| ) | |
| TERESA YOUNGBLUT, ) | |
| Defendant. ) | |

**MOTION FOR DETENTION**

NOW COMES the United States of America, by and through its attorney, Michael P. Drescher, Acting United States Attorney for the District of Vermont, and moves for pretrial detention of the above-named defendant pursuant to 18 U.S.C. § 3142(e) and (f).

1. <u>Eligibility for Detention</u>. The defendant is eligible for detention because the case involves a crime of violence—forcible assault of a federal officer with a deadly weapon in violation of 18 U.S.C. § 111(a)&(b). 18 U.S.C. § 3142(f)(1)(A). It is also an eligible case because the case involves an offense for which the maximum sentence is life imprisonment—a violation of 18 U.S.C. § 924(c)(1)(A)(iii). 18 U.S.C. § 3142(f)(1)(B).

2. <u>Reason For Detention</u>. The Court should detain the defendant because there is no condition or combination of conditions of release that would reasonably assure the safety of any other person and the community and reasonably assure the defendant's appearance as required. *See* 18 U.S.C. § 3142(e)(1).

3. <u>Rebuttable Presumption</u>. At the time of the detention hearing, the United States may invoke the rebuttable presumption at 18 U.S.C. § 3142(e)(3)(B) that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community upon a judicial finding of probable cause to believe that the defendant committed a violation of 18 U.S.C. § 924(c), as charged in the complaint.

1

4. <u>Time For Detention Hearing</u>.  The United States requests the court conduct the detention hearing after a three-day continuance as authorized by 18 U.S.C. § 3142(f).  This case involves an ongoing investigation of an exchange of gunfire resulting in the deaths of a civilian and a federal agent, as well as injuries to the defendant.  Investigators are presently reviewing evidence, searching property, and conducting relevant interviews to assess not only the defendant's culpability but also the extent of the risk the defendant poses to the community and the risk that the defendant would not appear for future proceedings.

5. <u>Other Matters</u>.  The United States reserves the right to supplement this motion with additional proffered information, evidence, and argument prior to or at the detention hearing.  The presently available information, however, indicates that pretrial detention is appropriate.

The first criterion in evaluating the sufficiency of any conditions of release is the nature and circumstances of the offenses charged, including whether the offenses involve a crime of violence and a firearm.  18 U.S.C. § 3142(g)(1).  The complaint charges the defendant with forcibly assaulting a Border Patrol Agent with a deadly weapon and discharging a firearm during and in relation to that offense.  An originally peaceful interaction between the United States Border Patrol and the occupants of a vehicle became confrontational based on the defendant's conduct, and she then unnecessarily and inexplicably escalated to deadly violence.  As a result of her escalation, which appeared to include her own discharge of a firearm, two individuals are deceased.  The nature and circumstances of the case militate in favor of detaining the defendant to protect the safety of the community.

The second criterion is the weight of the evidence against the defendant.  18 U.S.C. § 3142(g)(2). According to Border Patrol Agents at the scene of the incident, the defendant pointed a handgun toward Border Patrol Agent Maland during his interaction with her, and a

Glock 23 .40-caliber handgun was later removed from the defendant's direct possession after the shooting incident. Two spent .40-caliber casings were later recovered on the driver's side of the vehicle where the defendant had been in direct proximity with Border Patrol Agent Maland, and no other .40-caliber firearms were present at the scene. While many circumstances of the incident are presently unclear, the available evidence readily demonstrates that the defendant possessed and discharged a firearm during an otherwise peaceful law enforcement interaction. Her demonstrated willingness to use deadly force in an otherwise non-violent scenario shows that she presents a danger to law enforcement officers and the community, and the strength of the evidence of her charged offenses would provide an incentive for her to flee to avoid legal consequences for her actions.

  The third criterion refers to the defendant's history and characteristics. 18 U.S.C. § 3142(g)(3). The defendant does not appear to have a reported criminal history, but her use of deadly violence without provocation suggests that the absence of prior arrests or convictions does not reflect her current disposition. The defendant's ties to Vermont—if any—are unclear. She does not appear to have been a resident of the state, although she told law enforcement officers that she and her companion were here to consider purchasing property. At least one document recovered from the car she was driving purported to be a lease for a shared workspace in Shelburne, Vermont from June 2024, but the existence of an actual lease agreement has yet to be verified. Her only verified connection to Vermont—other than her presence in the state since mid-January 2025—are the firearms she and her companion, Felix Bauckholt, possessed. Based on the firearms' serial numbers, both firearms had been purchased by an individual purporting to be a resident of Orleans, Vermont from a federal firearms licensee in Mount Tabor, Vermont in February 2024. The defendant appears to be from the state of Washington, and preliminary

information suggests that she was estranged from her parents. The vehicle she was driving was registered to Bauckholt in North Carolina. Data from a Department of Homeland Security database indicate that the defendant engaged in international travel in 2022, 2023, and 2024. At this time, the defendant's primary residence is not established, and she has a documented history of interstate and international travel, indicating she has the financial means and capacity to flee. While there are presently no direct indicators of substance abuse, the defendant possessed a journal at the time of her violent confrontation with law enforcement that—in addition to containing apparent cypher text—contained phrases including, "coming up on acid[,]" "not really sure what to spend this trip on[,]" "This lsd trip seems pretty mellow[,]" and "i fell kinda high vibrationy maybe more so than other lsd trips?" Based on her itinerant circumstances, the lack of demonstrable ties to the District of Vermont, and references to use of hallucinogenic drugs in a journal she possessed, this statutory factor weighs in favor of pretrial detention.

The fourth criterion refers to the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g)(4). The defendant's escalation of a peaceful law enforcement interaction into a deadly confrontation alone underscores the danger to the community. Her associations with other individuals suspected of violent acts also warrants caution. The individual who purchased the firearms the defendant and Bauckholt possessed on January 20, 2025, is a person of interest in a dual-homicide investigation in Delaware County, Pennsylvania. Bauckholt flew into the United States in the hours preceding that Pennsylvania homicide. Both the defendant and the person who purchased the firearms in Vermont that the defendant and her companion possessed on January 20, 2025, are acquainted with and have been in frequent contact with an individual who was detained by the Commonwealth of Pennsylvania during that homicide investigation; that

individual is also a person of interest in a homicide investigation in Vallejo, California.  The defendant's possession and use of a firearm, combined with her itineracy and associations, suggests she poses a current and substantial danger to the community that could not be addressed by a condition or a combination of conditions of pretrial release.

    Accordingly, the United States respectfully requests the Court issue an order of pretrial detention because no condition or combination of conditions would reasonably assure the appearance of the defendant as required and the safety of the community.

    Dated at Burlington, in the District of Vermont, January 27, 2025.

Respectfully submitted,

MICHAEL P. DRESCHER
Acting United States Attorney

By:   /s/Matthew J. Lasher
Matthew J. Lasher
Assistant U.S. Attorney
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725